UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| PAUL CHASTINE, # 532380, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:16-CV-57-TAV-HBG |
| | ) |
| CAPTAIN MIKE MCCAGE, | ) |
| in his individual capacity, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This pro se prisoner's civil rights action under 42 U.S.C. § 1983 is before the Court upon Defendant Mike McCage's motion to dismiss for improper venue, for failure to exhaust the prison grievance process, and, alternatively, for a transfer of the claim to the Western Division of United States District Court for the Western District of Tennessee [Doc. 17].[1] For the reasons stated below, the motion will be **GRANTED** on the alternative basis proposed by Defendant [*Id.*].

**I.   BACKGROUND**

Plaintiff claims that, on October 28, 2015, he was subjected to excessive force during a cell transfer at the Northwest Correctional Complex in Tiptonville, Tennessee, in that Defendant Captain Mike McCage shot him in the face and neck with a taser. Plaintiff alleges that he received medical care following the incident and now maintains that, as a result of this purported

---

[1] Defendant's supporting memorandum brief asks for dismissal of this lawsuit for lack of subject matter jurisdiction [Doc. 18 p.1], but he presents no argument to sustain that request. The Court simply notes that it has subject matter jurisdiction over this action pursuant to statute. *See* 28 U.S.C. § 1343 (a)(3).

Eight Amendment violation, he has suffered severe pain and has developed possibly permanent scars on his neck. Plaintiff seeks damages and declaratory relief.

## II. LAW AND ANALYSIS

Defendant asserts that this case was filed in the wrong venue and has submitted the affidavit of Jim Brown, Assistant Director of Classification for the Tennessee Department of Correction ("TDOC"), who testifies that TDOC's records show that Plaintiff was an inmate in the Northwest Correctional Complex in Tiptonville, Tennessee, in the extreme northwest corner of West Tennessee from September 29, 2014, until he was moved to the Morgan County Correctional Complex, which is located in East Tennessee, on December 14, 2015 [Doc. 18-1 p.1]. Mr. Brown states, more specifically, that Plaintiff was housed in that West Tennessee prison on October 28, 2015, when the alleged use of excessive force occurred [*Id.* at 2]. TDOC's housing records, attached as an exhibit to Mr. Brown's affidavit, are in accordance with those statements [*Id.* at.3-8].

> The general venue statute for federal district courts provides, in relevant part, as follows:
>
>> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b)(1)-(3).

A federal district court may transfer a civil action to any district or division where it could have been filed originally. 28 U.S.C. § 1404(a).

The Northwest Correctional Complex is located in Tiptonville, Tennessee, in Lake County, Tennessee, which, in turn, lies within the Western District. 18 U.S.C. § 123(c)(1). Defendant McCage, a correctional officer employed at the Northwest Correctional Complex, is presumed to reside in that district as well. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (per curiam) (finding that venue in a suit against a public official lies in the district where he performs his official duties). The events out of which Plaintiff's claim arose occurred in the Northwest Correctional Complex. The Court therefore concludes that this case more properly belongs in the United States District Court for the Western District of Tennessee, at Jackson.

### III. CONCLUSION

Therefore, Defendant's motion to dismiss is **DENIED** [in part], as to a dismissal of the case for improper venue, but is **GRANTED** [in part], on the basis that a transfer is warranted based on venue considerations [Doc. 17].

Since the Court is authorized to transfer a case such as this to another District "in the interest of justice," 28 U.S.C. § 1406(a), in view of the foregoing, the Court will order that this action be transferred to the United States District Court for the Western District of Tennessee at Jackson.

### IV. OTHER MOTION

Finally, the one remaining motion is Plaintiff's motion for a default judgment [Doc. 15]. Despite Plaintiff's procedural misstep in seeking a default judgment prior to the entry of a default, *see* Fed. R. Civ. P. 55(a) and (b); *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003) ("[I]t is important to distinguish between an entry of default and a default judgment.") (citation omitted), Defendant has responded to the complaint by filing the motion to dismiss, which has been addressed in the above discussion. "Acts that show an

intent to defend have frequently prevented a default . . . ." *See* Advisory Committee Note to 2007 Amendments to Fed. R. Civ. P. 55. .

Therefore, Plaintiff's motion for a judgment of default is **DENIED**. *See INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 397 (6th Cir. 1987) (noting the strong preference for trials on the merits in cases involving entry of defaults or default judgments).

**AN APPROPRIATE ORDER WILL ENTER**.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE